UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN Q. ADAMS,
Plaintiff,

vs.

A E DOOR AND WINDOWS, et al.,
Defendants.

Case No. 1:17-cv-602
Barrett, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff John Q. Adams brings this action pro se against defendants, alleging discrimination on the basis of race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. This matter is before the Court on defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 9) and amended motion to dismiss (Doc. 17), to which plaintiff has not responded. This matter is also before the Court on plaintiff's motions for production of documents (Docs. 15, 16).

**I. Background**

The Court granted plaintiff leave to proceed *in forma pauperis* and he filed his complaint on September 14, 2017. (Docs. 2, 3). On October 17, 2017, defendants A E Door and Windows and William C. Weber filed a motion to dismiss. (Doc. 9). After this motion was filed, the Court sent plaintiff a notice that failure to respond could result in dismissal of his action for lack of prosecution. (Doc. 10). Despite this notice, plaintiff did not file a response to the motion to dismiss.

On November 28, 2017, the Court ordered plaintiff to show cause within twenty (20) days why this Court should not dismiss his case against defendant Jack R. Wiggers for lack of service. (Doc. 13). On November 28, 2017, the Court also ordered plaintiff to show cause within fifteen (15) days why this Court should not dismiss his case against defendants A E Door

and Windows and William C. Weber for lack of prosecution. (Doc. 14). To date, plaintiff has not filed a response to the Show Cause Orders or to the motion to dismiss.

On December 10, 2017, plaintiff filed a motion for production of documents and requests for admissions. (Doc. 15). Plaintiff filed another motion for production of documents on December 21, 2017. (Doc. 16). On January 8, 2018, defendants A E Door and Windows and William C. Weber filed an amended motion to dismiss. (Doc. 17). On January 10, 2018, the Court granted defendants' motion for an extension of time to respond to plaintiff's discovery requests until 28 days after the resolution of this present motion to dismiss. (Doc. 18).

## II. The Complaint (Doc. 3)

In his complaint, plaintiff states that he began employment with defendant A E Door and Windows in 1984. (Doc. 3 at 2). Plaintiff alleges that "[t]hroughout [his] 21 years of employment, he has experienced derogatory statements and constant discrimination and racial harassment." (*Id.*). Plaintiff alleges that the warehouse manager called him a derogatory name and defendants took no action after he complained. (*Id.*). Plaintiff claims that he was "subject to daily racial slurs by co-workers" and defendants took no action to stop the behavior. (*Id.*). Plaintiff alleges that he was discharged on April 10, 2017 based on a customer complaint, but "[d]efendants didn't provide any facts to support the complaint." (*Id.*). Plaintiff states that he requests "a prayer for relief against Defendants, due to the racial discrimination because of my race and color[,] this is a violation of the Title VII of the Civil Rights Act of 1964, as amended." (*Id.*). Plaintiff attaches his charge of discrimination filed with the Equal Employment Opportunity Commission ("EEOC") on May 24, 2017 and the EEOC's disposition of his charge on May 31, 2017. (*Id.* at 3-7).

### III. Motion to Dismiss[1] (Docs. 9, 17)

#### A. Rule 12(b)(6) standard

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter,* 420 F.3d 571, 575 (6th Cir. 2005)). Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (internal quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Although the plaintiff need not plead specific facts, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly,* 550 U.S. at 555, 570). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). The Court must hold pro se pleadings to less stringent standards than those prepared by attorneys and must liberally construe them when determining whether they fail to state a claim. *See, e.g., Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004).

#### B. Defendants' Arguments

Defendants A E Door and Window and William C. Weber move to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6), arguing that his complaint fails to demand any form of relief in violation of Fed. R. Civ. P. 8(a)(3). (Doc. 9 at 2). Defendants explain that plaintiff's complaint only states that he "requests a prayer for relief against Defendants" and does

---

[1] The Court will discuss defendants' motion to dismiss and amended motion to dismiss (Docs. 9, 17) as one motion.

3

not specify the relief that he seeks. (*Id.* at 2-3). Defendants cite to *Ward v. Harris*, No. 6:07-388, 2007 WL 4571074, at *2 (E.D. Ky. Dec. 26, 2007) for the proposition that failure to demand any form of relief warrants dismissal under Rule 8(a)(3). (*Id.* at 3).

In their amended motion to dismiss, defendants incorporate the arguments made in their initial motion to dismiss and further argue that plaintiff's failure to adequately respond to the Court's Show Cause Orders warrants dismissal of his case. (Doc. 17 at 3). Defendants recognize that plaintiff filed two discovery requests subsequent to the Court's Show Cause Orders, but state: "those requests do not address any issues raised by the Defendants' [sic] in their Motion to Dismiss and cannot be deemed a response to the Motion." (*Id.*). Defendants argue that plaintiff's failure to respond to the Show Cause Orders or provide a response to their motion to dismiss has resulted in prejudice "with the unnecessary delay and expense of having to go forward with defense of this frivolous case." (*Id.* at 4).

### C. Resolution

Under Rule 8(a), a pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction. . . .

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) *a demand for the relief sought*, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)-(3) (emphasis added).

Rule 8(a)(3) "does not require a party to frame the demand for judgment according to a prescribed form or set of particular words; any concise statement identifying the remedies and the parties against whom relief is sought will be sufficient." 5 Charles Alan Wright, *Federal Practice and Procedure*, § 1255 (3d ed. 2010). District Courts within the Sixth Circuit and

Courts in other Circuits have held that a plaintiff's failure to demand any form of relief and thus comport with Rule 8(a)(3), even when proceeding pro se, justifies dismissal of the complaint without prejudice under Fed. R. Civ. P. 12(b)(6). *See Whitmore v. Mallory*, No. 2:15-cv-2838, 2015 WL 6125360, at *4 (S.D. Ohio Oct. 19, 2015) ("in neglecting to articulate the relief he seeks, [p]laintiff has failed to satisfy Federal Rule of Civil Procedure 8(a)"), *adopted*, 2015 WL 6955184 (S.D. Ohio Nov. 10, 2015); *Peel v. Woods*, No. 5:15-cv-8, 2015 WL 1223695, at *3-4 (E.D. Ky. Mar. 17, 2015) (dismissing pro se plaintiff's complaint without prejudice because it failed to state the type of relief, equitable or otherwise, which he was seeking "so as to give adequate notice to the opposing parties") (collecting cases within the Western and Eastern Districts of Kentucky); *Ward v. Lincoln Cty. Jail*, No. 07-cv-389, 2008 WL 687019, at *2 (E.D. Ky. Mar. 12, 2008) (discussing Rule 8(a)(3) and holding that "failure to demand any form of relief justifies dismissal without prejudice") (citing *Gill v. Tillman*, No. Civ. A. 99-0648, 2001 WL 395051, at *3 (S.D. Ala. 2001); *Goldsmith v. City of Atmore*, 996 F.2d 1155, 1161 (11th Cir. 1993); *Player v. Phoenix*, No. 92-civ-401, 1992 WL 350780, at *1 (S.D.N.Y Nov. 13, 1992); *Dupree v Lubbock Cty. Jail*, 805 F. Supp. 20, 21 (N.D. Tex. 1992)).

In this case, plaintiff has failed to specify the form of relief that he seeks from defendants. Plaintiff's complaint vaguely requests "a prayer for relief against Defendants," which the Court finds is insufficient to satisfy the liberal pleading requirements of Rule 8(a). As such, plaintiff's complaint should be dismissed without prejudice for failing to comply with Fed. R. Civ. P. 8(a)(3).

Alternatively, in the event that the recommendation on the Rule 8(a) issue is not adopted, plaintiff's complaint should be dismissed in its entirety for want of prosecution, for lack of service on defendant Jack R. Wiggers, and for failure to obey an Order of the Court. Plaintiff's

failure to prosecute this matter and to obey an Order of the Court warrants dismissal of this case under Fed. R. Civ. P. 41(b). *See Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991). District courts have the power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). *See also Jourdan*, 951 F.2d at 109. Although plaintiff is proceeding pro se, the Supreme Court has stated that "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

As described above, the Court issued two Show Cause Orders on November 28, 2017, ordering plaintiff to show cause as to why this matter should not be dismissed in its entirety for lack of prosecution and why this matter should not be dismissed for lack of service upon defendant Jack R. Wiggers. (Docs. 13, 14). Plaintiff failed to respond to the Show Cause Orders or defendants' motion to dismiss and instead filed two motions for production of documents with the Court. (Docs. 15, 16). These motions are insufficient to respond to the Court's November 28, 2017 Show Cause Orders. Moreover, discovery requests must be served on defendants rather than filed with this Court. *See* Fed. R. Civ. P. 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b). . . ."). Accordingly, plaintiff's motions for production of documents are both denied. (Docs. 15, 16).

**IT IS THEREFORE RECOMMENDED THAT**:

1. Defendants' motion to dismiss (Docs. 9, 17) be **GRANTED**. It is **FURTHER RECOMMENDED** that plaintiff's complaint be **DISMISSED without prejudice** and this case be closed on the docket of the Court.

**IT IS ORDERED THAT:**

1. Plaintiff's motions for production of documents (Docs. 15, 16) are **DENIED**.

Date: 3/13/18

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN Q. ADAMS,
Plaintiff,

vs.

A E DOOR AND WINDOWS, et al.,
Defendants.

Case No: 1:17-cv-602
Barrett, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).